Argued March 12, affirmed May 16, 1974

# GORE, *Appellant, v.* GADD, *Respondent.*

522 P2d 212

*Robert H. Fraser* of Luvaas, Cobb, Richards & Fraser, Eugene, argued the cause and filed briefs for appellant.

*James H. Spence* of Washburn, Farrell & Spence, Roseburg, argued the cause for respondent. With him on the brief was Gordon G. Carlson, Roseburg.

O'CONNELL, C. J.

This is a suit by the plaintiff vendor to rescind a land sale contract made with defendant vendee on the ground that plaintiff was mentally incompetent at the time she entered into the contract. Plaintiff appeals from a decree in favor of defendant.

The subject matter of the contract of sale was plaintiff's home. The evidence establishes that during the negotiations for the sale and at the time of the execution of the contract plaintiff outwardly appeared to be fully competent to enter into contractual relations. Plaintiff concedes that under the test for competency heretofore applied in Oregon she was legally competent when she executed the contract. That test, sometimes referred to as the "cognitive test" has been stated as follows:

> "The test of mental capacity to execute a deed lies in the capacity to understand the nature of the act and to apprehend its consequences. One lacking in such capacity may not execute a valid deed even though she is not totally bereft of understanding." *Coke v. Coke*, 242 Or 486, 489, 410 P2d 214 (1966).

The evidence shows the plaintiff was fully aware of the nature of her act in executing the land sale contract and the consequences of making the sale. However, she contends that the test for competency traditionally applied in Oregon as well as in most other states is too limited and should be expanded to include those cases where the promisor, although aware of the consequences of his conduct, is rendered incapable of making a rational judgment in the execution of the transaction because of mental illness.

Plaintiff relies upon two New York cases which apply this latter view.[①]

These cases, responding to advances in psychiatric knowledge, hold that competence can be lost through "affective" as well as "cognitive" disorders. Psychiatry teaches that one who is afflicted with an affective disorder, such as a manic-depressive psychotic, may be impelled to act irrationally although fully conscious of what he is doing. This was the diagnosis of plaintiff's witness, Dr. Charles Brown, a psychiatrist who described plaintiff's illness as psychotic agitated depression or psychotic depressive reaction. He concluded that under the influence of the disease plaintiff acted compulsively in selling her home to defendant. Dr. John Waterman, also a psychiatrist testifying for defendant, diagnosed plaintiff's illness as schizophrenia, paranoid type. He stated that although a paranoid schizophrenic is capable of having a delusional system, he did not feel that when plaintiff signed the contract she was laboring under such disability. There was testimony from other witnesses describing plaintiff's conduct before and after the execution of the contract, some of which tended to support Dr. Brown's diagnosis and some of which did not.

---

[①] Ortelere v. Teachers' Retirement Bd. of New York, 25 NY2d 196, 303 NYS2d 362, 250 NE2d 460 (1969); Faber v. Sweet Style Mfg. Corp., 40 Misc2d 212, 242 NYS2d 763 (1963). The so-called "modern view" of competency is adopted by Restatement (Second) of Contracts, Tentative Draft #1, § 18C, p. 65 (April 13, 1964):

"(1) A person incurs only voidable contractual duties by entering into a transaction if by reason of mental illness or defect

"(a) he is unable to understand in a reasonable manner the nature and consequences of the transaction, or

"(b) he is unable to act in a reasonable manner in relation to the transaction and the other party has reason to know of his condition."

The trial judge, who apparently relied heavily upon the testimony of the lay witnesses, found that plaintiff was competent under both the traditional and the modern test of competency.

Laboring under the difficulties described above, we have reviewed the evidence de novo and have reached the same conclusion. The evidence tending to show plaintiff's mental condition at the time of the execution of the contract was conflicting. The appraisal of the evidence is particularly difficult because the psychiatric witnesses reached diametrically opposite conclusions on the issue of crucial legal importance. The court, not having expertise in the field of psychiatry, is thus on precarious ground when forced to choose between the competing views of the expert witnesses. It was, perhaps, this factor which prompted the trial judge to turn to the testimony of the lay witnesses as the principal source of evidence to support his conclusion.

As we have already explained, the evidence conclusively shows that plaintiff was competent under the cognitive test. Assuming, without deciding, that the test of competency should be extended to include affective disorders, we find the evidence to be insufficient to establish that plaintiff was incompetent.

Plaintiff has presented two other assignments of error which we find are without merit. Finally, plaintiff claims that the fee awarded to defendant's counsel by the trial court pursuant to a provision in the contract of sale was excessive. We have examined the record and find that the award is not unreasonable.

Decree affirmed.